F. D. WEST, Defendant in Error, *vs.* THE RANNEY REFRIGERATOR COMPANY, Plaintiff in Error.

*Opinion filed February 21, 1914.*

1. CONTRACTS—*in construing a contract the court will consider the whole instrument.* In construing a written contract to determine the meaning of a particular clause the court will look at the whole contract and construe it according to the intention of the parties as the same appears from the language of the instrument.

2. SAME—*provision that article shall have a maximum capacity construed.* A provision in a contract for the sale of ice scales to be placed in refrigerators made by the vendee, that the scale mechanism shall have a maximum capacity of two hundred pounds, will not be construed to mean that each mechanism, irrespective of the size of the refrigerator for which it was intended, shall have such maximum capacity, where there is another provision in the contract showing that the vendee intended to use the scales in refrigerators having a smaller capacity than two hundred pounds, and where the pattern refrigerators furnished by the vendee to the vendor to enable the latter to make scales to fit them were of different sizes, all less than two hundred pounds capacity.

3. SAME—*what does not justify rescinding contract.* The mere fact that none of the scale mechanisms furnished to a refrigerator company and paid for by it had a maximum of two hundred pounds capacity does not justify the refrigerator company in treating the contract as rescinded and refusing to accept further deliveries under the contract, where it does not appear that there was any demand upon the vendor, or refusal by him, to furnish scale mechanisms of that capacity if desired by the refrigerator company, and where the refusal to carry out the contract was not based upon the matter of maximum capacity of the scales but upon the ground that they were too high priced.

. 4. EVIDENCE—*when admitting evidence of amount of defendant company's capital will not reverse.*  In an action against a corporation for breach of a contract of sale, where the amount of damages is merely a matter of computation from the undisputed facts, it is not reversible error to permit plaintiff's counsel to prove by a witness how much capital stock the defendant had, even though the evidence was wholly irrelevant and not admissible.

WRIT OF ERROR to the Branch "B" Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. JOHN R. CAVERLY, Judge, presiding.

WILLIAM A. BOWLES, and JAMES E. BOWLES, for plaintiff in error.

DELLENBACK, RIESE & CODY, for defendant in error.

Mr. JUSTICE VICKERS delivered the opinion of the court:

Defendant in error, F. D. West, brought an action of assumpsit in the municipal court of Chicago against the Ranney Refrigerator Company and recovered a judgment for $2190 for an alleged breach of contract.  The Appellate Court for the First District having affirmed the judgment of the trial court, the record has been brought to this court by *certiorari.*

Plaintiff in error was a manufacturer of refrigerators and defendant in error was the owner of a patented scale mechanism which was intended to fit into refrigerators in such a way that the ice, when placed in the refrigerator, would rest upon the platform of the scale and the quantity of ice or other articles placed in the ice-box would be weighed.  The size and shape of the scale mechanism would vary according to the shape and capacity of the ice-box to which it was to be attached.  On the 29th day of August, 1908, the parties to this suit entered into a written contract, by which plaintiff in error was given the exclusive right to use the weighing scales manufactured under de-

261 − 36

fendant in error's patent for the term of five years from the date of the contract. Clause 2 of the contract provided that the delivery of the scales was to commence on November 1, 1908, and they were to be delivered "upon demand thereafter." Plaintiff in error agreed to pay $2.50 for each complete scale mechanism. Clause 2 also contained the following language: "A scale mechanism including only all metal parts of the scale except the table or ice-rack, and said scale mechanism having a maximum capacity of two hundred pounds." Clause 4 of the contract provided that defendant in error should furnish six hundred complete scale mechanisms on or before August 1, 1909, and that plaintiff in error should pay defendant in error $1500. in cash or by ninety-day note bearing six per cent interest, and it was provided that if any excess over six hundred mechanisms were required by plaintiff in error before August 1, 1909, such excess should be delivered at the rate of $1.75 each, upon the same terms as the six hundred were purchased. The six hundred mechanisms were manufactured and delivered to plaintiff in error and accepted by it and paid for as required by the contract. This suit is brought by defendant in error to recover damages for a breach of the fifth clause of the contract, which is as follows:

"5. Furthermore, said company agrees to purchase from said West fifteen hundred (1500) said complete scale mechanisms within the period of time beginning August 1, A. D. 1909, and ending August 1, A. D. 1910, and to pay to said West immediately upon delivery thereof the sum of thirty-seven hundred and fifty ($3750) dollars, at the rate of two dollars and fifty cents each, ($2.50) in cash or by ninety (90) day note bearing six per cent (6%) interest."

It is admitted that plaintiff in error refused to receive and pay for any portion of the fifteen hundred scale mechanisms that were to be delivered between August 1, 1909,

and August 1, 1910. Defendant in error did not manufacture these mechanisms personally, but had them manufactured by another concern for one dollar each. Deducting $1500 from $3750 leaves $2250. Under the contract the defendant in error was required to deliver the articles to the plaintiff in error at its place of business at Greenville, Michigan. The freight on fifteen hundred complete scale mechanisms from Chicago, where they were manufactured, to Greenville, Michigan, was $60, which, deducted from $2250, leaves $2190, which is the amount of the judgment. Defendant in error recovered his net profit on the sale of fifteen hundred scale mechanisms which were to have been delivered between August 1, 1909, and August 1, 1910.

Plaintiff in error contends that the contract required defendant in error to furnish scale mechanisms having a maximum capacity of two hundred pounds. It is not controverted that none of the scales delivered by defendant in error had a capacity to weigh two hundred pounds. The theory of plaintiff in error is, that defendant in error, in failing to deliver scales of two hundred pounds capacity, had violated clause 2 of the contract, and that plaintiff in error might thereafter regard the contract as rescinded and refuse to receive any further deliveries under the same. Defendant in error contends that the provision in relation to the capacity of the scales was a limitation of the maximum weight that could be required under the agreement, and not a requirement that all the scales furnished should have a capacity to weigh two hundred pounds. This controversy between the parties involves a construction of the contract. In determining what the contract in this respect means, the court will look at the whole contract and construe it according to the intention of the parties as the same appears from the language of the instrument. As bearing upon the proper construction of clause 2, clause 7 seems to throw some light. That clause is as follows: "Said company agrees to use the said scale mechanisms in

refrigerators having capacity for not more than two hundred pounds of ice and to not use them in refrigerators having a greater weight capacity." The clause last above quoted clearly indicates that the parties contemplated the use of the scales in refrigerators having less than two hundred pounds capacity. That both parties understood the agreement as not requiring, absolutely, that every mechanism should have two hundred pounds capacity is clearly shown by the acts of the parties under the contract. Of the six hundred scales furnished in 1908 and 1909 not one of them had a capacity above one hundred and thirty pounds, and they were received and paid for by plaintiff in error without any objections as to their capacity. It is also shown that at the request of defendant in error plaintiff in error sent three sizes of refrigerators, with the request that the scales be made to fit those particular styles of ice-boxes. None of the pattern refrigerators had a capacity of two hundred pounds of ice. Under date of March 21, 1910, plaintiff in error wrote defendant in error in reference to some refrigerator scales of peculiar type and shape which were intended to be used for counter refrigerators. These were entirely different from any scales that had theretofore been made or furnished plaintiff in error. Plaintiff in error says in its letter that these scales will have to be from six to ten feet in length and that they will be used in ice-boxes holding from one hundred and fifty to two hundred pounds of ice. The letter closes as follows: "Now, as we understand the contract, you are to make whatever size we specify in any box, not to exceed two hundred pounds." Again, under date of April 12, 1910, plaintiff in error wrote defendant in error, saying: "We could not use any more of the scales such as the sizes you made for us in the first place as they do not seem to sell, but we believe they would go in grocers' ice-boxes, such as our No. 295, and we presume that they will cost no more in the size than any other." Finally,

when plaintiff in error declined to take any more of the
scales the refusal was not placed on the ground that the
scales furnished did not have a capacity of two hundred
pounds.   The sole complaint was that "they are too high-
priced."   Considering the whole contract together, with the
construction that the parties have themselves placed upon
it by their dealings under it, the court did not err in re-
fusing to hold that the failure of defendant in error to
manufacture and deliver scale mechanisms of a maximum
capacity of two hundred pounds had violated the contract,
whereby plaintiff in error' was absolved from all obliga-
tions thereunder.   The scales were to be delivered from
time to time during the year from August, 1909, to Au-
gust, 1910, as plaintiff in error might demand them.   Had
plaintiff in error demanded scales of the maximum capacity
of two hundred pounds and defendant in error had refused
to deliver scales of that capacity there would be more merit
in the contention of plaintiff in error.

Plaintiff in error contends, further, that the mechan-
isms were defective and did not work perfectly.   Conced-
ing that the contract required defendant in error to furnish
mechanisms that would work perfectly, whether the mech-
anisms delivered under the contract complied with this re-
quirement is a question of fact, which we are precluded by
the judgment of the Appellate Court affirming that of the
trial court from considering.

On the trial the court, over the objection of plaintiff
in error, permitted counsel to ask Mr. Ranney how much
capital stock his corporation had, and he answered, "Fifty
thousand dollars."   Plaintiff in error insists that this rul-
ing of the court was erroneous.   The evidence elicited by
this question was wholly irrelevant and for that reason the
objection should have been sustained, but we think that the
error is harmless.   We are unable to see how this evidence
could have in any way influenced the jury, especially since
the action was one upon a contract and the damages were

a matter of computation from undisputed facts. Cases might easily be suggested in which the admission of evidence of this character might be an error of a much more serious nature.

Plaintiff in error contends that the court erred in refusing to instruct the jury that if the scales furnished by defendant in error did not have a capacity of two hundred pounds he could not recover. The error assigned upon the refusal of the court to so instruct the jury presents the question of the proper construction of the contract, which has already had our consideration.

We find no reversible error in this record. The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*